**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 15-00382-VAP (KKx)                                Date:  May 7, 2015

Title:   LUIS JAUREGUI -v- NATIONSTAR MORTGAGE LLC, NBS DEFAULT SERVICES, LLC, AND DOES 1-50, INCLUSIVE
===============================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                                  None Present
    Courtroom Deputy                                   Court Reporter

ATTORNEYS PRESENT FOR                      ATTORNEYS PRESENT FOR
PLAINTIFFS:                                DEFENDANTS:

    None                                                      None

PROCEEDINGS:       MINUTE ORDER GRANTING MOTION TO REMAND (DOC. NO. 17) (IN CHAMBERS)

    Plaintiff Luis Jauregui filed a Complaint in California Superior Court for the County of San Bernardino on January 29, 2015.  Defendants timely removed his Complaint to this Court.  On April 1, 2015, Plaintiff filed the instant Motion to Remand.  (Doc. No. 17 ("Motion").)  The Court finds the Motion appropriate for resolution without a hearing, and accordingly, VACATES the May 11, 2015 hearing date.  <u>See</u> Fed. R. Civ. P. 78; L.R. 7-15.

    After considering the papers filed in support of, and in opposition to, the Motion, the Court GRANTS the Motion and REMANDS this case to the California Superior Court, County of San Bernardino.

EDCV 15-00382-VAP (KKx)
LUIS JAUREGUI v. NATIONSTAR MORTGAGE LLC, NBS DEFAULT SERVICES, LLC, AND DOES 1-50, INCLUSIVE
MINUTE ORDER of May 7, 2015

# I. BACKGROUND

Plaintiff filed a Complaint against Defendants Nationstar Mortgage, LLC ("Nationstar"), NBS Default Services, LLC ("NBS"), and Does 1-50 in the California Superior Court, County of San Bernardino, on January 29, 2015. (Doc. No. 4, Exh. A ("Complaint").)  In it, Plaintiff alleges twelve claims. (See id.)[1]  His claims arise out of his failed attempts to obtain a loan modification in connection with the residential property located at 13526 Becraft Street, Chino, California 91710 (the "Property"). (Id. ¶¶ 1, 15, 19-22.)

In 2006, Plaintiff refinanced the Property through a $376,000 loan secured by a Deed of Trust. (Id. ¶ 12.)  "[D]ue to Defendants' improper process and handling of [his] loan modification application," Plaintiff alleges, he "f[ell] behind on his monthly mortgage payments" and was facing non-judicial foreclosure. (Id. ¶¶ 22, 125.)  He alleges a Trustee's Sale of the Property "is currently set for January 27, 2015." (Id. ¶ 25.)  It is not clear whether the Trustee's Sale took place or not; Plaintiff does not allege that a trustee's deed upon sale has been recorded.  Plaintiff seeks, inter alia, an injunction prohibiting Defendants "from conducting further foreclosure activity." (Id. ¶ 125.)

Plaintiff served the Complaint on Defendants on January 30, 2015. (Doc. No. 1 ("Removal") ¶ 2; see also Doc. No. 4, Exhs. C-D.)  On March 2, 2015, Defendants timely removed to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). (See Removal at 1.)

On March 30, 2015, Nationstar filed a motion to dismiss Plaintiff's Complaint, and set it for hearing on June 8, 2015. (See Doc. No. 14.)  In an apparent attempt to

---

[1] He alleges the following claims: (1) Violation of California Civil Code § 2923.55; (2) Violation of California Civil Code § 2923.6; (3) Violation of California Civil Code § 2923.7; (4) Violation of California Civil Code § 2924.17; (5) Violation of California Civil Code § 2924.18; (6) Breach of Contract; (7) Breach of Covenant of Good Faith and Fair Dealing; (8) Negligent Misrepresentation; (9) Negligence; (10) Promissory Estoppel; (11) Violation of California Business & Professions Code § 17200; and (12) Injunctive Relief Under California Civil Code § 2924.19.

EDCV 15-00382-VAP (KKx)
LUIS JAUREGUI v. NATIONSTAR MORTGAGE LLC, NBS DEFAULT SERVICES, LLC, AND DOES 1-50, INCLUSIVE
MINUTE ORDER of May 7, 2015

head off that hearing date, Plaintiff filed the instant Motion on April 2, 2015, and set it for hearing on May 11, 2015. Defendants state in their opposition that Plaintiff did not meet and confer before filing the Motion (Doc. No. 19 ("Opposition") at 2),[2] and the Motion itself does not indicate any attempts to meet and confer.

## II. LEGAL STANDARD

Federal law allows a state-court defendant to remove a case from state to federal court if the case is one over which the federal courts could exercise their original jurisdiction. 28 U.S.C. § 1441(a). To accomplish this task, the removing defendant files a notice of removal in the federal district court in the district and division within which the state court action was pending. 28 U.S.C. § 1446(a). The notice must contain "a short and plain statement of the grounds for removal" – in a case relying on diversity jurisdiction, that the parties are citizens of different states and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a) – "together with a copy of all process, pleadings, and orders" served previously on the removing defendant. 28 U.S.C. § 1446(a).

The plaintiff may then challenge the removal, for example, on the basis that the amount in controversy is insufficient to invoke the federal court's subject-matter jurisdiction. In that case, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014); see 28 U.S.C. § 1446(c)(2)(B). If it has not, the court must remand the matter to state court. 28 U.S.C. § 1447(c).

---

[2]Although only Defendant Nationstar submitted the Opposition, Defendant NBS's counsel submitted a declaration in support of it. For purposes of this Order, therefore, the Court refers to Defendants as having opposed the Motion collectively.

EDCV 15-00382-VAP (KKx)
LUIS JAUREGUI v. NATIONSTAR MORTGAGE LLC, NBS DEFAULT SERVICES, LLC, AND DOES 1-50, INCLUSIVE
MINUTE ORDER of May 7, 2015

### III. DISCUSSION

Although Plaintiff failed to meet and confer with opposing counsel as required by this District's Local Rules, the Court finds little – if any – prejudice to Defendants due to that failure, and therefore considers the Motion. After considering the Motion, the Court finds Defendants have not satisfied their burden as to the amount in controversy.

**A.     Plaintiff's Failure to Follow Local Rule 7-3**

Local Rule 7-3 requires "counsel contemplating the filing of any motion [to] first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."[3] The conference must take place at least seven days before filing the motion. L.R. 7-3. If the parties are not able to reach a resolution, "the moving party [must] include in the notice of motion a statement to" that effect. Id.

Plaintiff did not comply with this requirement. He does not state anywhere in his Motion that he complied or attempted to comply with it, and Nationstar affirms that he did not (Opposition at 2-3).

Courts can, in their discretion, refuse to consider a motion for failing to comply with Local Rule 7-3. Reed v. Sandstone Prop., L.P., No. 12-5021, 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013). Generally, courts exercise this discretion when the failure to meet and confer prejudiced opposing counsel. See id. If there is little or no prejudice, courts will sometimes consider the motion despite the failure to meet and confer. See id.

Defendants suffer little prejudice from the failure to meet and confer on a motion to remand, where they necessarily researched and investigated the issues before removing the case. Defendant Nationstar, furthermore, was able to prepare and submit an Opposition, with a supporting declaration from Defendant NBS's counsel. These facts suggest Defendants suffer little prejudice from Plaintiff's failure

---

[3]Local Rule 7-3 has a number of exceptions; none of those apply to the instant Motion.

EDCV 15-00382-VAP (KKx)
LUIS JAUREGUI v. NATIONSTAR MORTGAGE LLC, NBS DEFAULT SERVICES, LLC, AND DOES 1-50, INCLUSIVE
MINUTE ORDER of May 7, 2015

to meet and confer in connection with his Motion. See Wilson-Condon v. Allstate Indem. Co., No. 11-5538, 2011 WL 3439272, at *1 (C.D. Cal. Aug. 4, 2011) (considering motion to remand despite failure to meet and confer because of lack of prejudice). The Court therefore considers the Motion despite Plaintiff's failure to comply with Local Rule 7-3.

## B.  Defendants Did Not Remove this Case on the Basis of Federal Question Jurisdiction

Plaintiff contends Defendants could not have based removal on federal question jurisdiction. See 28 U.S.C. § 1331. Plaintiff is correct; Defendants' only basis for removal was diversity jurisdiction. (See generally, Removal; Opposition.)

## C.  Defendants Have Not Met Their Burden to Show the Amount-in-Controversy Requirement Is Met

In their papers, the parties focus their attention on whether complete diversity of citizenship exists between Plaintiff and Defendants. (See Motion at 6-11; Opposition at 3-7.) The parties address the amount-in-controversy requirement, but devote far less attention to it. (See Motion at 11-12; Opposition at 8-9.) The Court does not discuss the parties' citizenship, however, because it holds Defendants have not established the amount-in-controversy requirement.

### 1.  Defendants Have the Burden of Establishing, by a Preponderance of the Evidence, that the Amount in Controversy Exceeds $75,000

On its face, Plaintiff's Complaint does not allege an amount in controversy sufficient to meet the $75,000 threshold. See Wilder v. Bank of Am., N.A., No. 14-670, 2014 WL 6896116, at *4 (C.D. Cal. Dec. 5, 2014) (quoting Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007)). Defendants, therefore, "bear[] the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000. Under this burden, [Defendants] must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). Defendants fail to meet this burden.

In their Opposition, Defendants cite two reasons why the amount-in-controversy requirement is met. First, they argue, "Plaintiff seeks injunctive relief to

EDCV 15-00382-VAP (KKx)
LUIS JAUREGUI v. NATIONSTAR MORTGAGE LLC, NBS DEFAULT SERVICES, LLC, AND DOES 1-50, INCLUSIVE
MINUTE ORDER of May 7, 2015

enjoin the non-judicial foreclosure of the Subject Property," and alleges he refinanced the Property through a $376,000 loan secured by a Deed of Trust. (Opposition at 8.)  Moreover, Plaintiff alleges the loan and Deed of Trust "were improperly transferred and assigned to Nationstar," thereby contesting Nationstar's interest in the loan amount.  (Id. at 9.)  The entire amount of the loan should count toward the amount-in-controversy requirement, Defendants contend.

Second, Plaintiff seeks to recover "'treble actual damages or $50,000' pursuant to Civil Code Section 2924.12(b)," (id. at 9 (quoting Complaint ¶ 36)), "civil penalties of $7,500" for multiple, repeated violations of the California Homeowners' Bill of Rights, (id. (quoting Complaint ¶ 36)), late fees and penalties, a reformation of the loan, and other "compensatory, special and general damages," (id. (quoting Complaint ¶ 3)).  Added together, Defendants argue, the amount in controversy exceeds the $75,000 jurisdictional threshold.

## 2.     The Entire Value of the Loan Is Not in Controversy

A few courts have determined, as Defendants point out, that the entire amount of the loan is at issue when a plaintiff requests injunctive relief to enjoin a foreclosure sale.  See Rose v. J.P. Morgan Chase, N.A., No. 12-225, 2012 WL 892282, at *2 (E.D. Cal. Mar. 14, 2012) ("In cases where, as here, plaintiff seeks to enjoin a foreclosure sale, the value of the property is the object of the litigation for purposes of determining whether the amount-in-controversy requirement has been met."); Zepeda v. U.S. Bank, N.A., No. 11-909, 2011 WL 4351801, at *3-4 (C.D. Cal. Sept. 16, 2011); Cabriales v. Aurora Loan Services, No. 10-161, 2010 WL 761081, at *3-4 (N.D. Cal. Mar. 2, 2010) ("[S]ince Plaintiffs seek injunctive relief, the amount in controversy is measured by the value of the object of the litigation.").

After examining Plaintiff's Complaint, however, the Court finds Plaintiff does not seek to enjoin Defendants permanently from conducting foreclosure activity, but instead "demands all foreclosure activity be ceased until a written determination on [his] loan modification application is conveyed to [him] in accordance with the provisions of Ca. Civ. Code § 2924.18."  (See Complaint ¶ 66.)  Moreover, Plaintiff only "demands civil penalties" in connection with any alleged fraudulent recording or assignment of, inter alia, the deed of trust (see, id. ¶ 62); he does not challenge entirely Defendant Nationstar's right to collect on the outstanding loan amount.

EDCV 15-00382-VAP (KKx)
LUIS JAUREGUI v. NATIONSTAR MORTGAGE LLC, NBS DEFAULT SERVICES, LLC, AND DOES 1-50, INCLUSIVE
MINUTE ORDER of May 7, 2015

"Courts have roundly rejected the argument that the amount in controversy is the entire amount of the loan" in cases where the plaintiff seeks only to enjoin a foreclosure sale pending a loan modification application – such as in this case.  See, e.g., Vergara v. Wells Fargo Bank, N.A., No. 15-58, 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015) (citing cases); cf. Rose,  2012 WL 892282, at *2 (using value of loan to determine amount in controversy because "[o]ne of the remedies requested by plaintiff [wa]s a permanent injunction"); Zepeda, 2011 WL 4351801, at *3 ("[B]ecause Plaintiff expressly seeks to enjoin Defendants from enforcing their power of sale, Plaintiff is effectively precluding Defendants from recouping any losses incurred as a result of Plaintiff's failure to keep current on the mortgage loan."). Were Plaintiff's request granted, Defendants "would presumably incur costs to process the loan modification," and "might also lose interest on the loan accrued while the relief was pending," as "just two possible pecuniary results."  See Olmos v. Residential Credit Solutions, Inc., No. 14-1202, 2015 WL 1240347, at *2 (C.D. Cal. Mar. 17, 2015).  Defendants have not provided any evidence to show how much such pecuniary results could be.

As the entire loan amount is not placed in issue by Plaintiff's Complaint, Defendants cannot satisfy the amount-in-controversy requirement by relying on that figure.

### 3. Plaintiff Cannot Recover "Treble Actual Damages or $50,000" Pursuant to Section 2924.12(b)

Defendants also contend, because Plaintiff requests $50,000 pursuant to California Civil Code section 2924.12(b) along with various other types of damages, the amount in controversy easily exceeds $75,000.  Plaintiff, however, is not entitled to damages under section 2924.12(b).

That section provides "the borrower the greater of treble actual damages or statutory damages of [$50,000]" only if "a trustee's deed upon sale has been recorded."  Cal. Civ. Code § 2924.12(b).  Plaintiff's Complaint "contains no allegations indicating that Defendants[] have sold the Property or recorded a trustee's deed upon sale." Gardenswartz v. SunTrust Mortgage, Inc., No. 14-8548, 2015 WL 900638, at *5-6 (C.D. Cal. Mar. 3, 2015); see Sanchez, 102 F.3d at 405 (holding argument in opposition to motion to remand – that amount in controversy

was met where plaintiff "sought treble punitive damages pursuant to" a statute – failed because the statute did not apply).

Although Plaintiff alleges the trustee's sale was scheduled for January 27, 2015 (Complaint ¶ 25), and that date has long passed, the Court determines the amount in controversy from the allegations in the Complaint – not by considering whether events could or could not have occurred since.  Plaintiff does not allege that the sale has occurred or that a trustee's deed upon sale has been recorded.  Section 2924.12(b), therefore, does not apply.

Defendants cannot rely on a damages request based on an inapplicable statute to satisfy the amount-in-controversy requirement.

### 4. Defendants Do Not Provide Any Evidence that Plaintiff's Remaining Damages Claims Exceed the $75,000 Amount-in-Controversy Requirement

Finally, Defendants tally up Plaintiff's other, general requests for damages, and one specific request for $7,500, as evidence that the amount-in-controversy requirement is met.  Such general statements cannot establish that the jurisdictional threshold of $75,000 is met by a preponderance of the evidence, however.  See Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090-91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient."); Atias v. Platinum HR Management, LLC, No. 14-1877, 2014 WL 3536557, at *9 (C.D. Cal. July 16, 2014) ("Defendants' assertion that the amount in controversy is satisfied merely because Atias seeks to recover general, special, and punitive damages, however, is far too speculative to support a finding that Atias' complaint does, in fact, place more than $75,000 in controversy.").

Defendants, therefore, have failed to meet their burden as to the amount-in-controversy requirement.

**EDCV 15-00382-VAP (KKx)**
**LUIS JAUREGUI v. NATIONSTAR MORTGAGE LLC, NBS DEFAULT SERVICES, LLC, AND DOES 1-50, INCLUSIVE**
**MINUTE ORDER of May 7, 2015**

## IV. CONCLUSION

The Court GRANTS the Motion and REMANDS this case to the California Superior Court, County of San Bernardino.

**IT IS SO ORDERED.**